IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELBY ROE,<br><br>    Plaintiff,<br><br>v.<br><br>HARCO NATIONAL INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 15-cv-558-JHP-TLW |

**MOTION FOR INDEPENDENT MEDICAL EXAMINATION**

Defendant, Harco National Insurance Company ("Harco"), moves this Court, pursuant to FED. R. CIV. P. 35, for an Order directing Plaintiff, Shelby Roe, to submit to an Independent Medical Examination. In support of this Motion, Harco shows as follows:

I. BACKGROUND

Plaintiff commenced this civil action alleging that Harco breached its contract of insurance with Plaintiff[1], and that Harco violated its duty of good faith and fair dealing in handling her insurance claim for uninsured (or underinsured) motorist benefits. Plaintiff's Amended Complaint alleges that she was involved in a motor vehicle accident on August 19, 2009, and that she "sustained injuries... resulting in an uninsured motorist claim." *Doc. 30,* ¶ 7. In her Answers to Defendant's Interrogatories, Plaintiff states that she seeks damages from Harco for "[m]edical bills past present and future[, p]hysical and mental pain and suffering past, present and future, punitive damages." *S. Roe's Ans. To Def.'s Interrogs, Ex. 1 at No. 4.* Plaintiff further claims that she is in need of surgery (scheduled for September 26, 2017),

---

[1] This allegation is currently the subject of a pending dismissal dispute, wherein Plaintiff filed an Motion to Dismiss Breach of Contract Claim Only without Prejudice [*Doc. 50*] and Harco objected on the grounds that the dismissal of the breach of contract claim should be *without* prejudice [*Doc. 52*].

although the medical records provided through discovery overwhelmingly indicate that her treating physicians did not recommend such course of action.

Plaintiff claims that doctors Jon Main and Justin Atherton detailed the need for future medical treatment, although the estimated cost and nature of such treatment is not provided. *See Ex. 1, at No. 5.* Counsel for Harco tried on a number of occasions to obtain Plaintiff's agreement to appear for an independent medical examination, without response. Plaintiff's examination is to be conducted by Thomas Craven, M.D., an orthopedic surgeon employed by Central States Orthopedic Specialists, Inc. in Tulsa on September 13, 2017. However, as on August 9, 2017, Plaintiff's counsel stated that Plaintiff would not agree to appear for such examination or agree to this Motion and that Plaintiff would object to the examination on the basis that the same was not requested during Harco's initial investigation. *See K. Morgan Aug. 9, 2017 Letter to L. Marciano, attached as Exhibit 2.*

Harco maintains that at the time of its investigation into Shelby Roe's claim, her records spoke for themselves, with physicians stating that there was no need for surgical intervention. However, Plaintiff now plans to undergo surgery which she relates to her bad faith claim against Harco and for which she seeks damages. The examination is highly relevant and necessary to Harco's defense.

II. **ARGUMENT AND AUTHORITIES**

Plaintiff claims that Harco is not entitled to an independent medical examination because Harco did not request the same during its investigation of the claim. However, during deposition, one of the claim handlers for Shelby Roe's initial claim, made May 4, 2011, stated that based upon the medical information received at the time of the claim, she evaluated the

2

claim to be valued at or under $25,000. *See K. Van Ryn Dep., Ex. 3, 95:19 – 97:20.* Based upon the additional future medical treatment that Plaintiff relates to her claim, plus the specific damages sought in her case against Harco, Plaintiff's position is inherently incorrect. Harco is entitled to an independent medical examination.

Rule 35 provides that "[w]hen the . . . physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical . . . examination by a suitably licensed or certified examiner . . . ." FED .R. CIV. P. 35(a)(1). "Generally, a medical examination such as this is arranged by stipulation of the parties. Rule 35 serves as a mechanism to enforce a request for examination, when appropriate, if the parties cannot or will not so stipulate." *Lane v. Pfizer, Inc.*, 2007 U.S. Dist. LEXIS 5619, *3 (N.D. Okla. Jan. 25, 2007) (citing 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2234 (1994)). *See also Herrera v. Lufkin Indus.*, 474 F.3d 675, 688 (10th Cir. 2007) ("[P]hysical and mental examinations are usually arranged by stipulation of the attorneys, with the rule standing as a compulsory sanction that helps to produce stipulations.") (quotations omitted).

"To obtain a court's order for an independent medical examination ("IME"), the party seeking the exam must show that 'the mental or physical condition' of the party who is to be examined 'is in controversy,' and that there is 'good cause' for the examination." *Herrera*, 474 F.3d at 690 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964)). The "in controversy" and "good cause" requirements are typically merged under a single inquiry. *See Lane*, 2007 U.S. Dist. LEXIS 5619, **3-4 (citing *Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 322 (N.D.Ga. 2000)). *See also Eckman v. Univ. of Rhode Island,* 160 F.R.D. 431, 433 (D.R.I. 1995).

3

("Where a plaintiff has affirmatively placed in controversy her mental condition, it is appropriate for a court to order an examination."); *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994) ("By claiming ongoing psychiatric harm caused by the negligence of the defendant, therefore, the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination under *Schlagenhauf*."). As the Tenth Circuit has noted, "Rule 35 is 'to be accorded a broad and liberal treatment, to effectuate the civil procedure rules' purpose that civil trials in the federal courts no longer need be carried on in the dark.'" *Herrera*, 474 F.3d at 690 (quoting *Schlagenhauf*, 379 U.S. at 114-15).

Here, Plaintiff put her physical condition "in controversy" when she sued Harco to recover damages for her personal injuries and medical bills related to treatment for her injuries. "The purpose of the Rule 35 examination is to 'level the playing field' for the parties." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 363 (D. Colo. 2004) (citing *Sauer v. Burlington Northern Railroad Co.*, 169 F.R.D. 120, 124 (D. Minn. 1996); *Tirado v. Erosa*, 158 F.R.D. 294, 300 (S.D.N.Y. 1994); *Looney v. Nat'l R.R. Passenger Corp.*, 142 F.R.D. 264, 265 (D. Mass. 1992)). A medical examination from a qualified orthopedist is essential to rebut Plaintiff's claim that she requires future medical treatment, particularly the September 26, 2017 surgery; therefore, "good cause" exists for the examination. *Weddle v. Farmers Ins. Co.*, 2011 U.S. Dist. LEXIS 130232, **10-11 (N.D. Okla. Nov. 9, 2011) (ordering Rule 35 examination and noting that "plaintiff is seeking to recover for his medical expenses in this case, and defendant must have a meaningful opportunity to conduct discovery in opposition to plaintiff's request for damages.").

Opinions from the United States District Court for the Northern District of Oklahoma hold that where the Plaintiff puts her condition at issue, even in bad faith cases where the Plaintiff claims that the injuries or conditions claimed are not the central focus, the defendant insurer is still entitled to an independent medical examination based upon the claims and damages a plaintiff makes. *See Order of Magistrate Judge Cleary, Morrison v. Chartis Property Cas. Co.,* No. 13-CV-116-JED-JPC, N.D. Okla. Jan. 21, 2014, attached as Exhibit 4 (Request to set aside Magistrate's Order denied by Judge Dowdell, *Morrison v. Chartis Prop. Cas., Co.*, No. 13-CV-116-JED-PJC, 2014 U.S. Dist. LEXIS 44336 (N.D. Okla. Apr. 1, 2014), attached as Exhibit 5)). *See also Order of Judge Claire V. Egan, Weddle v. Farmers Ins. Co.,* No. 11-CV-0095-CVE-FHM 2011 U.S. Dist. LEXIS 130232 (N.D. Okla. Nov. 9, 2011), attached as Exhibit 6.

Plaintiff is alleging past, present and future medical treatment as a result of the underlying accident, in addition to physical and mental pain and suffering, as related to her claim for bad faith against Harco. In her discovery responses, Plaintiff advised that she is scheduled for surgery on September 19, 2017 (now scheduled for September 26, 2017), therefore her medical examination will need to occur prior in order for her present, pre-surgery condition to be properly evaluated. Dr. Craven's current schedule only allows for an examination to occur on September 13, 2017, at the above-listed time and location. Good cause exists for an examination of this condition because the Defendant is entitled not only to explore the nature and extent of the alleged injury, but also to explore Plaintiff's claims for future surgery and/or medical treatment. (*See* Federal Rule of Civil Procedure 35.)

Dr. Craven, who specializes in spinal disorders, including scoliosis, a known condition of Plaintiff, was certified by the American Board of Orthopedic Surgery in 1997. *See Curriculum*

*Vitae, attached as Exhibit 7*. He also served as a clinical assistant professor in the Department of Surgery at the University of Oklahoma College of Medicine, Tulsa Campus. Dr. Craven, who is licensed in Oklahoma, has been involved with publishing and research on topics related to spinal issues, and has been published in the *Journal of Spine. Id.* He is a member of the American Academy of Orthopedic Surgeons, American Board of Orthopedic Surgery, and the North American Spine Society. Dr. Craven is unquestionably a "suitably licensed or certified examiner" as contemplated by Rule 35.

### III. CONCLUSION

Wherefore, premises considered, Defendant, Harco National Insurance Company, requests that this Court enter an Order directing Plaintiff, Shelby Roe, to appear for and submit to a physical examination by Dr. Thomas G. Craven, 6585 South Yale Avenue, Suite 200, Tulsa, OK 74136, on Wednesday, September 13, 2017 beginning at 10:00 a.m. Harco further requests that the Court set forth that the examination shall consist of a standard orthopedic workup, including plain film x-rays, that Plaintiff is asked to bring all copies of prior diagnostic films with her to this appointment, and that the examination will focus on the neck and spine, as related to Plaintiff's claims for past, present future medical and suffering and taking of a history of past medical condition.

        Respectfully submitted,

    By  /s/ Lauren M. Marciano
       DAN S. FOLLUO, OBA# 11303
       dfolluo@rhodesokla.com
       LAUREN M. MARCIANO, OBA #32454
       lmarciano@rhodesokla.com
       RHODES, HIERONYMUS, JONES,
       TUCKER & GABLE
       P.O. Box 21100
       Tulsa, Oklahoma 74121-1100
       (918) 582-1173
       (918) 592-3390 Facsimile
       **ATTORNEYS FOR DEFENDANT**
       **HARCO NATIONAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 17th day of August, 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the Court's ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

*Attorney for Plaintiffs:*

| | |
|---|---|
| Mark S. Stanley, OBA #11528 | mstanley@csmlaw.us |
| Kenneth Morgan, OBA #19181 | kmorgan@csmlaw.us |
| 1516 South Boston Ave., Suite 116 | |
| Tulsa, Oklahoma 74119 | |

                /s/ Lauren M. Marciano